## PANZER v. SHILOVITZ.

(Supreme Court, Appellate Term. May 18, 1911.)

SALES (§ 454*)—CONTRACTS—CONSTRUCTION—CONDITIONAL SALE—EVIDENCE.
  Evidence *held* to establish an absolute, and not a conditional, sale of a moving picture machine.
  [Ed. Note.—For other cases, see Sales, Dec. Dig. § 454.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles D. Panzer against Phillip Shilovitz. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Edward E. Rosenblume (David T. Smith, of counsel), for appellant.

Lester W. Eisenberg, for respondent.

SEABURY, J. The evidence establishes that the machine was sold by the plaintiff to the defendant for $145, and that $75 was paid on account of the purchase price. We think the evidence of the plaintiff was not credible. He denied that he signed a receipt for the money paid him, but subsequently admitted his signature to such receipt. The receipt showed the absolute sale of the machine to the defendant.

Proof was also offered by the defendant to show that the sale made to him was absolute, and not conditional, and this testimony was corroborated by a witness called by the plaintiff. The claim of the plaintiff that the machine was sold under an oral conditional sale agreement is without credible support in the evidence.

Judgment reversed, and complaint dismissed, with costs, and without prejudice to the plaintiff's right to sue for any part of the balance alleged to be due. All concur.